**KAHUA RANCH, Limited, a Hawaiian corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1442.**

United States District Court
D. Hawaii.
Oct. 24, 1956.

Robertson, Castle & Anthony, William F. Quinn, Honolulu, Hawaii, for plaintiff.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, E. D. Crumpacker, Asst. U. S. Atty., Honolulu, Hawaii, for defendant.

WIIG, District Judge.

The court hereby finds as facts and incorporates by reference herein the admitted facts in paragraphs number 1 through 18 on pages 2 through 7 of the pretrial order heretofore filed herein, including defendant's Exhibit "C" setting forth the details of plaintiff's gross and net revenues, cattle inventories, and slaughtered culls for the years 1949, 1950 and 1951.

At Kohala, Hawaii, plaintiff maintained a small slaughterhouse solely for the purpose of slaughtering culls disposed of in that area. No facilities were available for the storage of car-casses after slaughter. There were no other slaughterhouses in the Kohala area during the years 1949, 1950 and 1951, although there were others on the Island of Hawaii as well as that of plaintiff on the Island of Oahu.

Culled breeding cattle were disposed of by plaintiff at Kohala, Hawaii, in the following manner:

The breeding herd was culled annually, and the culls were kept in a separate ready paddock adjacent to the slaughterhouse, where they were fattened in preparation for sale. Orders for sale were accepted two days a week and slaughtering was done on the day following the placing of the order. Retail outlets (butchers) at Kohala would call plaintiff on the telephone and order a specified number of head of cattle. The morning following receipt of the telephonic order, plaintiff would segregate the number of head ordered from the culls in the ready paddock, kill and clean them, and deliver them immediately to the purchaser pursuant to the order.

Plaintiff retained the hides for its service in slaughtering the animals. In 1949, 1950 and 1951, the value of the hides retained was considered adequate compensation for the slaughtering services rendered, and plaintiff reported the gain derived from the sales thereof as ordinary income accordingly.

At the time of delivery, plaintiff would give the purchaser a delivery slip indicating the number of head delivered and the dressed weight. Plaintiff would compute the price on the dressed weight of the carcass and bill the purchaser accordingly.

The sales of culls by plaintiff in the Kohala area (with the exception of those by Parker Ranch, which are not here pertinent) provided substantially all of the supply of meat to the populace in that area.

With respect to the Oahu operations, the culls were shipped to plaintiff's ranch on Oahu, slaughtered in plaintiff's slaughterhouse there, and stored in plaintiff's icehouse in the same manner as the steers, and the carcasses were

sold upon demand to the retail outlets (butchers) in Honolulu.

The court concludes that: gains realized from the sales of the culls from the breeding herd made at Kohala, Hawaii, under the circumstances disclosed by the admitted facts and the evidence, are capital gains within the meaning of Section 117(j) of the Internal Revenue Code of 1939 as amended, and plaintiff is entitled to a refund of the difference between the income tax which it paid, treating these gains as ordinary income, and the amount of tax due if the gains realized on such sales are treated as capital gains; and that: gains realized from the sales of cattle culled from the breeding herd and shipped to Oahu, slaughtered and stored in plaintiff's icehouse and available for purchase are ordinary income and plaintiff is entitled to no refund with respect to the gains from these sales.